George A. Reed, J.
The defendant appeals from a judgment of conviction and from an order denying a pretrial motion to dismiss for lack of a speedy trial within 90 days under CPL 30.30. Defendant was given a traffic ticket for driving while intoxicated on June 14, 1976. The following day he appeared in Justice Court and was granted an adjournment to July 19, 1976. On that date, he again appeared in court. He informed the Justice that he would like to check on the effect of a conviction on his pharmacist’s license and that he would return to the court. No date was set. If the 90-day limitation is applicable to this case, it expired on October 17, 1976. The Town Justice waited until February 2, 1977, when not having heard from the defendant, he notified him to appear for a disposition. A motion for dismissal for failure to try the defendant within 90 days was denied, the defendant entered a guilty plea to the charge and then appealed the conviction and the order.
In People v Conrad (Monroe County Ct, Dec. 2, 1976, Maas, J.), when the trial court set a trial date beyond the period of the 90-day limitation, the trial court’s order of dismissal was reversed and the case remanded for trial. Judge Maas wrote:
"C.P.L. 30.30 (1) explicitly states that a motion to dismiss 'must be granted where the people are not ready for trial * * *’. The negligence of the trial court cannot be imputed to the people or prosecutor. The trial court is not 'the people’ referred to in the statute.”
I reach an opposite conclusion. Society has an interest separate and apart from the right of the accused in the speedy trials of those charged with criminal offenses. (Barker v Wingo, 407 US 514.) The People argue here that they are not at fault. Fault is not the sole criteria. In the numerous cases involving delay resulting from the congestion of Trial Calendars, personnel or trial facilities, we have been warned that such facts constitute factors to be considered but are not a complete answer to the motion to dismiss. (People v Ganci, 27 NY2d 418; Barker v Wingo, supra; People v Johnson, 38 NY2d 271, 279; People v Saccia, 55 AD2d 444, 446.) In People v *239 Hankins (52 AD2d 470) in reversing an order denying a motion to dismiss, the court considered, as one of the elements, a six-month delay by the trial court in deciding a motion. (People v Ranellucci, 53 AD2d 384.)
In this case, as in so many Justice Court cases, the District Attorney’s office was not notified, either by the court or the Town Justice, of the existence of the case and the District Attorney did not appear in the case until the motion to dismiss was made. It is clear that the People have the affirmative duty of moving cases for trial (People v Johnson, supra). As Justice Herlihy pointed out in his dissent in People v Ranelluci (supra, p 386) the societal interest in a speedy disposition of criminal cases is not vindicated by "prosecutorial inattention”.
The People have not carried out their duty to society to bring about speedy trials and cannot be said to have been "ready for trial” merely because the District Attorney’s office was not made aware of the existence of the pending case until after the 90-day limitation has expired. Where the practice and custom of the prosecutor and the local courts is that the law enforcement officers shall prosecute cases and scheduling of trials and appearances is left to the local court, the People are chargeable with unreasonable delay. The motion to dismiss should have been granted, the judgment must be reversed and the information must be dismissed.