■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SCAFO, PASQUALE RAINONE, DOUGLAS GRADY, TERRENCE O'NEIL and JOHN SANDOWSKI, Appellants.—Appeals by defendants from certain judgments of the Supreme Court, Queens County, all rendered June 4, 1979, upon defendants' respective pleas of guilty, as follows: (1) defendant Grady—from a judgment convicting him of criminal possession of stolen property in the third degree, and sentencing him to a term of incarceration for one year; (2) defendant Scafo—from four judgments each convicting him of criminal possession of stolen property in the first degree and sentencing him to concurrent terms of incarceration for zero to three years; (3) defendant Rainone—from three judgments each convicting him of criminal possession of stolen property in the first degree and sentencing him to concurrent terms of incarceration for zero to three years; (4) defendant O'Neil—from a judgment convicting him of criminal possession of stolen property in the first degree and sentencing him to a term of incarceration for one year; and (5) defendant Sandowski—from a judgment convicting him of conspiracy in the third degree (Penal Law, former § 105.05) and sentencing him to a term of incarceration for one year. Judgments rendered with respect to defendants Grady, O'Neil and Sandowski modified, as a matter of discretion in the interest of justice, by reducing each sentence to a period of intermittent incarceration for a period of one year, to be served on each weekend from 8:00 P.M. Friday until 8:00 P.M. Sunday (see Penal Law, § 70.00, subd 4; § 70.15, subd 1). As so modified, said judgments affirmed and cases remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Judgments rendered with respect to defendants Scafo and Rainone (excluding however that rendered on Indictment No. 585/78 against defendant Rainone) modified, as a matter of discretion in the interest of justice, by reducing the sentences to concurrent periods of incarceration for one year. As so modified, said judgments affirmed and cases remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Judgment rendered against defendant Rainone on Indictment No. 585/78 reversed, on the law, and matter remitted to the Supreme Court, Queens County, for further proceedings consistent herewith. We have reviewed the record and find no error in the decisions denying the defendants' motions to dismiss the various indict-

ments upon speedy trial grounds pursuant to CPL 30.30. No exceptional circumstances as contemplated by CPL 30.30 (subd 4, par [g]) were presented by the facts of these cases (cf. *People v Washington,* 43 NY2d 772; *People v Scaccia,* 55 AD2d 444). However, there were periods of time chargeable to the defendants by reason of pretrial motions, "the period during which such matters [were] under consideration by the court", and "period[s] of delay * * * granted by the court at the request of, or with the consent of, the defendant[s] or [their] counsel" (CPL 30.30, subd 4, pars [a], [b]). These periods were of sufficient duration to have made that period of time chargeable against the People well under the six-month limit (see CPL 30.30, subd 1, par [a]; subd 4, pars [a], [b]; *People v Dean,* 45 NY2d 651; *People v Hall,* 61 AD2d 1050). The sentences imposed upon defendants Grady, O'Neil and Sandowski were excessive. We note the commendable concern of the sentencing court with the deterrent effect of the sentences upon others who engage in or contemplate illegal activity within the freight services industry. However, each of these three defendants hitherto had led an unblemished and productive life, and we are therefore of the opinion that society would better be served by greater emphasis being placed upon rehabilitation. The defendants Scafo and Rainone participated in, and profited from, the illegal activities to a greater extent than the others; while we are not unmindful of the goal of rehabilitating these defendants, lengthier periods of custodial punishment are warranted by their activities, although the sentences imposed were excessive to the extent indicated. Reversal of the judgment against defendant Rainone upon Indictment No. 585/78 is mandated by the absence of evidence in the record before us of entry of a guilty plea. Titone, J. P., Mangano, Rabin and Martuscello, JJ., concur.