Alphonse L. Cassetti, J.
Telephonic interceptions of conversations with defendant, Kenneth Guenther, were made over a 10-day period, pursuant to an eavesdropping warrant. Upon cessation of the eavesdropping, the tapes were placed in a gym-type locker shared by the police officers who had made the intercepts. The locker was secured by a key-type padlock, and the only keys to that padlock were in the possession of the two officers who shared the locker. The only time the tapes were removed from the locker was when duplicate recordings were made and when the tapes were taken to the Judge who issued the warrant for sealing, which was some seven days after the eavesdropping had ceased.
There is no claim that the tape recordings have been altered or tampered with. Nevertheless, the defendant has moved, after a pretrial suppression hearing, to suppress the *259 three (3) tapes, pursuant to sections 710.20 (subd 2) and 710.60 of the Criminal Procedure Law.
CPL 700.35 (subd 3) provides as follows: "* * * The recording of the contents of any such communication must be done in such a way as will protect the recording from editing or other alterations.”
CPL 700.50 (subd 2) reads as follows: “Immediately upon the expiration of the period of an eavesdropping warrant, the recordings of communications made pursuant to subdivision three of section 700.35 must be made available to the issuing justice and sealed under his directions.”
Upon the cessation of the eavesdropping, each tape was placed in a plastic container and certain information was written on the label of the container and initialed by the officer. The plastic containers were not placed in an evidence envelope and evidence tape placed on the flap with proper notations and initials on the tape. Nor, in the absence of evidence envelopes, were the plastic containers encircled with evidence tape to insure their integrity and authenticity. Also, despite the departmental rule that evidence seized, such as contraband, guns, money and drugs, was not to be kept in lockers, the tapes were so kept.
Although there was a long weekend in the middle of the seven-day delay (Saturday, Sunday and a legal holiday on Monday), there was no attempt to contact the issuing Judge on the day after the cessation of the wiretap, nor the next day, nor any concrete testimony of any attempt for seven days. Duplicate recordings were made, but that only took a few hours to do. Law enforcement does not cease on weekends nor holidays.
Within sections 700.50 and 700.35 of the CPL, various words are used in different subdivisions of these sections, e.g., "immediately,” "within a reasonable time,” "exigent circumstances,” "as soon as practicable.” One must logically conclude that they are to be given their natural and ordinary meaning in each of these subdivisions. Otherwise words with unique meaning in a language, as a means of communication, would be meaningless and communication would fail.
The sealing requirement must be strictly construed "to prevent tampering, alterations or editing; to aid in establishing the chain of custody; and to protect the confidentiality of the tapes” even when there is no claim or indication of any *260 alteration. "It is the potential for such abuse to which we address ourselves.” (People v Nicoletti, 34 NY2d 249, 253.)
The prosecution relies on the case of the United States v Poeta (455 F2d 117) where there was a delay of Í3 days because the issuing Justice was on vacation and the police were under the impression that only the issuing Justice could direct the sealing; and the suppression of the tapes was denied because there was a satisfactory explanation for the delay. It follows, therefore, that when there is not a satisfactory explanation for a delay in making the tapes available to the issuing Judge, said tapes cannot be used in evidence and the burden is upon the People to satisfactorily explain the delay, and not upon the defendant.
The officers charged with obtaining the evidence pursuant to the warrant and the securing thereof knew how to secure the evidence seized, and they knew the departmental rules that prohibited the use of the locker for the safekeeping of contraband and evidence seized, such as guns, money and drugs. In addition, they knew that they had to make the tapes available to the issuing Judge for sealing, but delayed for some 7 days, explaining that they made duplicates of the three tapes, which took a few hours, and because of the long weekend did not believe that the issuing Judge would be available — without making any attempt to determine whether he was available or not — for some 7 days.
This is not conduct pursuant to the statute requiring immediacy, nor is it a satisfactory explanation of delay in accordance with People v Poeta (supra) nor within the spirit of People v Nicoletti (supra).
Motion to suppress the three tapes in question granted.