■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL WASHINGTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 12, 1974, convicting him of criminal possession of a dangerous drug in the first degree, upon a jury verdict, and imposing sentence. By order dated April 26, 1976, this court remitted the case to Criminal Term to hear and report on the extent of compliance herein with the provisions of CPL 700.50 (subd 2) and directed that the appeal be held in abeyance in the interim *(People v Washington,* 52 AD2d 645). The hearing has been held and this court is in receipt of the minutes thereof and of the report of Criminal Term. Judgment reversed, on the law, and new trial ordered. The facts have not been considered. In the absence of at least a claim that the duplicate tapes of the intercepted communications were uniformly inaudible, or substantially below that quality which is necessary for transcription, it is the opinion of this court that the acknowledged need to complete the transcription of the 120 reels of intercepted communications did not constitute a satisfactory explanation for the 39-day hiatus between the expiration of the last extension of the eavesdropping warrant and the date upon which the original tapes were presented for sealing (see CPL 700.50, subd 2; *People v Sher,* 38 NY2d 600; *People v Nicoletti,* 34 NY2d 249; *United States v Poeta,* 455 F2d 117, cert den 406 US 948). The duplicate tapes were concededly available for use within three days after the expiration of the eavesdropping warrant, as extended, and, while there was testimony to the effect that the quality of

the duplicate tapes was not as high as that of the originals, there was no testimony that they could not have been utilized for the purpose of transcription. Had the original tapes been timely sealed pursuant to statute, and had the need to resort to them as an aid in transcription subsequently arisen, the police could have applied for court orders unsealing the pertinent tapes and then directing their resealing (see *People v Sher, supra,* p 604). In that way the integrity of the original tapes would have been preserved and the statute would have been complied with (cf. *People v Sher, supra; People v Nicoletti, supra).* Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.