■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DARIENZO, Also Known as JAMES MARTIN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO LEONARDI, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE DOAK, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMINE LAVIA, Appellant.—Judgments, Supreme Court, Bronx County, rendered August 9, 1976, convicting defendants on their respective guilty pleas of criminal usury (Penal Law, § 190.40) following denial of a motion to suppress evidence obtained through electronic surveillance, and sentencing Darienzo and Doak to indeterminate sentences of from 0 to 3 years, and sentencing Lavia and Leonardi to indeterminate sentences of from 1½ to 3 years, reversed, on the law, the pleas vacated, and the motion to suppress granted with respect to all tapes other than those developed during the period following the last extension order, and remanded for further proceedings, including a minimization hearing respecting the latter tapes. The defendants pleaded guilty to criminal usury following denial of their motions to suppress evidence obtained as a result of court authorized electronic surveillance. The first order was signed on January 30, 1974 and was followed by various amendments and extensions, the last extension being signed on May 29, 1974 and expiring on June 27, 1974. The surveillance ceased on June 27, 1974 and on the following day, June 28, 1974, all the tapes were presented to the court for sealing and were sealed. CPL 700.50 provides that recordings of communications made pursuant to an eavesdropping warrant must be made available to the issuing Justice and sealed "immediately upon the expiration of the period of an eavesdropping warrant." In *People v Washington* (46 NY2d 116, 121), the Court of Appeals definitively held that this section required the sealing of recordings to be made immediately after the expiration of each order or extension rather than after the expiration of the last extension order. Accordingly, all of the recordings other than those developed during the period following the last extension order must be suppressed. (See *People v Nicoletti,* 34 NY2d 249.) As to the recordings not suppressed, enough was presented in the motion to reargue to entitle defendants to a minimization hearing. (See CPL 700.30, subd 7.) Concur—Birns, J. P., Fein, Sandler and Silverman, JJ.

■ EXXON CORPORATION, as Successor by Merger to Humble Oil & Refining Company, Appellant, v MILTON STRUM et al., Defendants, and IRWIN GOTTLIEB, Respondent.—Order, Supreme Court, New York County, entered October 2, 1978, to the extent appealed from, unanimously affirmed, without costs or disbursements, with leave to defendant to serve an amended answer asserting the defense of release. Any such answer is to be served within 20 days of service upon defendant of a copy of the order entered hereon with notice of entry. There is here involved an issue of credibility which we are not able to determine on the papers submitted on this motion for summary judgment. Nonetheless, defendant's presentation is sufficient to warrant the grant of leave to amend to allege the defense of release, the defense which defeated plaintiff's motion. (See *Cushman & Wakefield v John David, Inc.,* 25 AD2d 133, 135.) Concur—Kupferman, J. P., Evans, Fein, Markewich and Bloom, JJ.