OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We agree with that court that the gambling records and paraphernalia recovered on execution of both the Gates Avenue and the Dumont Avenue search warrants are admissible. The Gates Avenue search warrant was issued on the basis of intercepts obtained pursuant to a wiretap on the telephone located at that address. No challenge is raised as to the validity of the tap which commenced on August 22 and was terminated on September 12, 1975. Although the tapes on this tap were not sealed until September 18, 1975 (and thus as the People concede are themselves inadmissible), the intercepts therefrom were used to obtain the search warrant on September 12, 1975, prior to the time when sealing was required. Accordingly, the evidence acquired pursuant to that warrant is not precluded (People v Weiss, 48 NY2d 988).*
The search warrant for the premises at 1314 Dumont Avenue was obtained on September 12, 1975 as well, on the basis of statements made by an informer whose reliability had been previously demonstrated, all as set forth in the affidavit of the detective applying for the warrant. These statements included advice that the informer was himself a runner in a policy operation and that he had called in policy wagers to the telephone located at the Dumont Avenue premises on September 8, 9, 10 and 11, 1975, thus providing probable cause for the issuance of the warrant.
The detective’s affidavit also included information obtained under another wiretap order which served to corroborate the statements of the informer. The tapes on this wiretap order, however, had not been sealed as required by statute at the time of the issuance of the Dumont Avenue warrant. Accord *757 ingly, this intercept data was unavailable to support the issuance of that warrant. But the infirmity of the corroborative proof does, not serve to vitiate the validity of the statements of the informer which, standing alone, provided probable cause for the issuance of the search warrant.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.

 Defendant’s reliance on People v Sher (38 NY2d 600) is not persuasive inasmuch as the analysis adopted in the Weiss case was not proposed or considered in Sher.