Wachtler, J.
(dissenting). The order of the Appellate Division should be reversed and the motion to suppress granted.
In the course of an investigation into alleged illegal drug activity the District Attorney of Queens County obtained a *776 wiretap warrant in order to determine the source of the drugs and identify the suppliers. The warrant, issued on March 14, 1974, authorized interceptions for a period of 30 days. It provides, however, that "reports shall be made to this Court by the District Attorney of Queens County, or his agent, fifteen (15) days after the installation of the electronic equipment stating the substance of the conversations seized and the progress of the investigation.” On April 16 the warrant was extended for an additional period of 30 days. Despite the extended telephonic surveillance the drug suppliers were never found.
At a hearing held on the defendant’s motion to suppress the People were unable to show that they had made a progress report to the issuing Justice at the end of the initial 15-day period as required by the warrant. Indeed even on the day the original warrant was due to expire and an extension was needed, they did not report to the Justice who had issued the warrant, but applied instead to another Justice who was then at a funeral parlor attending the wake of the assistant prosecutor who had previously been in charge of this investigation.
Nevertheless the People argued at the suppression hearing that the court should excuse their failure to make progress reports on the theory that the second Justice implicitly did so by signing the extension order, and that the issuing Justice presumably would have done the same. The suppression court agreed, additionally observing that the reporting requirement was in any event purely ministerial in nature.
Central to all requirements relating to authorized wiretapping is the concept of strict judicial supervision. The sensitivity of the subject matter — the intimate and apparently confidential conversations of individuals — and the duration of the intrusion, often extending over several months, requires the courts to be especially vigilant in insuring that this particular type of search be conducted in strict compliance with all legal requirements and limitations. The court’s role is not to passively monitor but to actively regulate the activity from the original warrant application through all phases of its execution (see, e.g., People v Washington, 46 NY2d 116, 124).
A court issuing a wiretap warrant may direct that the prosecutor periodically report on the progress of the investigation (CPL 700.50, subd 1). This permits a conscientious court to make an informed judgment as to whether there is in fact a "need for continued eavesdropping” (CPL 700.50, subd 1). It is *777 a practice for which the court has expressed a "strong preference” (People v Floyd, 41 NY2d 245, 253).
By statute, once the court directs the prosecutor or his agent to make progress reports, the requirement is mandatory (CPL 700.50, subd 1), like the requirement that the tapes be sealed upon the expiration of the warrant (CPL 700.50, subd 2). We have held that this latter requirement must be strictly observed by those executing the warrant. A failure to seal the tapes (People v Nicoletti, 34 NY2d 249) or any unwarranted delay in doing so (People v Washington, 46 NY2d 116, supra) calls for suppression of the evidence. Indeed even when the tapes have been sealed, any unauthorized breaking of the seals, if only on the eve of trial in order to prepare the case, must nevertheless result in suppression of the evidence (People v Sher, 38 NY2d 600). It is also important to note that this failure to fully observe the sealing requirement was held to be fatal, even though the lower court could have authorized unsealing, and presumably or implicitly did so or would have done so, in view of its later admission of the unsealed tapes at trial'over defense objections.
In these cases, law enforcement officials were placed on notice that they "must be sensitive to the fact that, just as a warrant to wiretap may only be granted upon a showing of strict compliance with the law, so will its execution have been for nought unless there has been meticulous adherence to the terms of the warrant and the statute pursuant to which it issued” (People v Washington, supra, p 124). We have noted that strict compliance with the warrant, requirements serves to prevent potential abuses. There is no need for the defendant to show actual prejudice when the authorities have violated the warrant’s terms (People v Nicoletti, supra, p 253; People v Sher, supra, pp 604, 605; People v Washington, supra, p 123).
The requirement that the authorities make progress reports when directed by the court is no less important than the requirement that they seal the tapes when the warrants have expired. The sealing requirement is principally designed to insure the authenticity of evidence which has already been seized (People v Washington, supra, p 123). The progress report requirement, on the other hand, enables the court to actively control and minimize the State’s intrusion on private conversations. That is not a collateral consideration, nor is it a purely ministerial task. On the contrary it is the. court’s *778 primary obligation in overseeing wiretap activities under the Fourth Amendment.
Chief Judge Cooke and Judges Jasen, Gabrielli and Jones concur; Judge Meyer concurs in a separate memorandum; Judge Wachtler dissents and votes to reverse in an opinion in which Judge Fuchsberg concurs.
Order affirmed in a memorandum.