OPINION OF THE COURT
Gabrielli, J.
Defendant was charged with three counts of bribery in the second degree (Penal Law, § 200.00) and one count of conspiracy in the third degree (Penal Law, § 105.05) by an indictment which alleged, among other things, that the defendant conspired with one Harry Shapiro to bribe Abram Brown, a law assistant employed by Supreme Court, New York County, and that he had bribed Brown to secure judicial decisions favorable to defendant’s interest in two cases. By motion, defendant sought to suppress certain intercepted conversations obtained by wiretaps placed on Abram Brown’s personal and business phones. Following the denial of this motion, defendant entered a plea of guilty to the indictment and the Appellate Division thereafter affirmed the convictions, without opinion.
Defendant now asserts several challenges to the admissibility of the wiretap evidence, including the alleged failure of the People to minimize (GPL 700.30, subd 7) and their failure to seal the tapes immediately upon the expiration of the period of the eavesdropping warrant (GPL 700.50, subd 2).* Raised in connection with each of these challenges *309 is the question of defendant’s standing to contest the admissibility of conversations in which he took no part. In regard to the minimization requirement, we conclude that defendant has no standing to challenge the interception of third-party conversations. The minimization requirement is rooted in the Fourth Amendment’s ban upon unreasonable searches and seizures, and defendant has no standing to assert the Fourth Amendment rights of another (see Rakas v Illinois, 439 US 128). Without standing to assert the failure of the police to minimize in regard to third-party conversations, defendant’s remaining minimization arguments are wholly without merit. In contrast, we conclude that defendant does have standing to challenge the failure of the People to seal the tapes in accordance with the dictates of the statute (GPL 700.50, subd 2). The sealing requirement is designed, among other things, “to prevent tampering, alterations or editing” (People v Nicoletti, 34 NY2d 249, 253). Since this requirement goes to the very integrity of the tapes, rather than to the intrusion created by the wiretap, it has been held that a defendant does have standing to challenge the failure of the People to seal tapes properly, even though the tapes contain only the conversations of third parties (People v Trevorah, 63 AD2d 662, affd 48 NY2d 988).
In the present case, however, although defendant has standing to challenge the allegedly untimely sealing of the tapes, we nevertheless conclude that the defendant’s motion to suppress the tapes was properly denied. While the requirement of immediate sealing must be strictly construed, the eavesdropping statute also mandates that the courts consider whether the People have offered a satisfactory explanation for any delay which might have occurred (People v Washington, 46 NY2d 116, 123-124). Defendant asserts error in the failure of the People to seal immediately the tapes authorized by the first set of warrants and the two subsequent extensions of those original warrants. The original warrants were to expire at midnight on Saturday, March 19, 1977. The tapes from the tap on Brown’s business phone were sealed on Monday, March 21, and the tapes from Brown’s home phone were *310 sealed on the following day. The Justices who issued both of these orders were, however, unavailable on the intervening Sunday. In addition, the People demonstrated that the tapes from Brown’s home phone were not sealed on Monday because, when the Assistant District Attorney in charge of the tapes discovered that one of the recordings had been left at the taping site, he promptly telephoned the issuing Justice to advise him that there would be a delay and was then told by the court to bring the tapes in for sealing on Tuesday. For the reasons stated in and upon the rationale of People v Washington (supra, p 124, n 8), these delays in sealing do not warrant suppression in this case. Similarly, the tapes attributable to the first extension warrants, due to expire at midnight on Monday, April 18, 1977 and sealed on the following day, were properly ruled admissible. Finally, it is sufficient to note that the tapes obtained pursuant to the second extensions were sealed no later than the day following the termination of the period of the warrants. Furthermore, the arrest of Abram Brown two days prior to the expiration of the warrants authorizing the taps on his telephones did not necessarily serve to reduce the period of the eavesdropping warrants. We conclude that the sealing of tapes on the day following the termination date of a wiretap warrant is generally sufficient to comply with the requirement of immediate sealing and observe, in addition, that the People have offered satisfactory explanations for the brief additional delays which occurred here.
We have considered defendant’s remaining contentions and find them to be without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.

 CPL 700.50 (subd 2) provides that: “[i]immediately upon the expiration of the period of an eavesdropping warrant, the recordings of communications made pursuant to subdivision three of section 700.35 must be made available to the issuing justice and sealed under his directions”.