■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AL MERANTO, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant and his codefendant (see *People v Calandrelli,* 86 AD2d 777), appeal from their convictions on pleas of guilty of one count each of attempted criminal possession of a controlled substance, fourth degree. Their main arguments turn on the validity of an eavesdropping warrant authorizing interception of communications over a private telephone listed in the name of defendant Meranto and located at a bar owned by him, and orders authorizing extensions thereof. We find in the applications and supporting papers ample evidence supporting the issuing magistrate's findings of probable cause for the initial and extension orders and accordingly reject defendants' contentions to the contrary. We note that where as here the informant of unknown reliability appeared personally before the issuing magistrate and gave direct evidence in support of the application (see *People v Darden,* 34 NY2d 177), the two-pronged test set out in *Spinelli v United States* (393 US 410) and *Aguilar v Texas* (378 US 108) need not be met (see *People v Bartolomeo,* 53 NY2d 225). Defendants also argue that the initial eavesdropping warrant was invalid as violative of CPL 700.10 (subd 2) because it was issued on March 7, 1979 and provided that "in no event shall this warrant continue in force beyond thirty days, to wit: the 6th day of April 1979." It is uncontradicted that no tapping pursuant to the order took place until March 19, 1979 when the installation was complete. The People concede, however, that the warrant authorized a wiretap from the time it was issued on March 7, 1979 and that it thus encompassed a period of 31 days counting the day of its expiration on April 6, 1979. Nevertheless, we find no basis for reversal here. In *People v Edelstein* (54 NY2d 306, 310), the court held that the sealing of tapes on the day following the expiration date of a warrant is "generally sufficient to comply with the requirement of immediate sealing".

By the same token, we conclude that this eavesdropping warrant, which in all other respects complies with the mandates of the statute, sufficiently complies with CPL 700.10 (subd 2) (see, also, *People v Zendano,* 62 AD2d 537). We note that the instant situation lacks the potential for abuse present where, as in *Edelstein,* sealing is delayed (cf. *People v Nicoletti,* 34 NY2d 249, 253). Here, in contrast, any prejudice to a defendant may be eliminated by suppressing any conversations taped beyond the statutory 30-day period. Inasmuch as here no conversations recorded on April 6, 1979 were used at trial, we need not concern ourselves with the question of suppression thereof. In view of our holding that the warrant bearing the expiration date of April 6, 1979 may stand, the first extension warrant, signed on that date, is valid because signed "prior to the expiration of [the] eavesdropping warrant" in compliance with CPL 700.40. We find no merit to defendants' contention that there was probable cause to tap only the public telephone in the bar and that it was error for the magistrate to order instead interception of conversations on the private line behind the bar. The evidence before the magistrate established that defendants and others were involved in selling cocaine from the premises and that they conducted some of their business in telephone calls to and from these premises. Moreover, it included a statement by the undercover officer that on one occasion, while he was waiting in the bar to buy cocaine, one of the coconspirators called on the telephone behind the bar and left a message for him that he was on his way. We have examined the other points raised on appeal and find no reversible error. (Appeal from judgment of Niagara County Court, Hannigan, J. — attempted criminal possession controlled substance, fourth degree.) Present — Dillon, P. J., Simons, Hancock, Jr., Moule and Schnepp, JJ.