## (December 16, 1983)

■ In the Matter of Coy W. James, a Candidate Aggrieved, Respondent, v Edward J. Mahoney et al., Constituting the Board of Elections in the County of Erie, et al., Appellants. — Appeal unanimously dismissed, without costs, upon stipulation. (Appeals from order of Supreme Court, Erie County, Flaherty, J. — Election Law.) Present — Doerr, J. P., Denman, Boomer, Green and Schnepp, JJ. (Order entered Nov. 17, 1983.)

■ The People of the State of New York, Appellant, v James Cordovano, Stephen Mikolajko and John Hecht, Respondents. — Order unanimously affirmed. Memorandum: The suppression court correctly determined that recordings made pursuant to eavesdropping warrants should be suppressed because they were not sealed in a timely fashion (CPL 700.50, subd 2). The court found the People's explanation for the delay to be insufficient and unreasonable, since the Judge authorized to seal the tapes testified that he was available and, in fact, authorized new wiretaps before the old ones were sealed. The failure to seal the tapes timely renders them inadmissible (*People v Edelstein,* 54 NY2d 306; *People v Washington,* 46 NY2d 116; *People v Nicoletti,* 34 NY2d 249). On appeal, the People argue that even if the tapes themselves must be suppressed, the court erred by suppressing the fruits of the search warrants. The People acknowledge that these search warrants were based on the third and fourth wiretaps but argue that, at the time the search warrants were issued, the duty to seal the third and fourth tapes had not yet arisen. Thus the late sealing would not render inadmissible the evidence seized before the obligation to seal arose (*People v Seidita,* 49 NY2d 755, 756). This argument is of no avail since the fourth wiretap was invalid from its inception. The fourth wiretap warrant was issued on August 25, 1980, and the basis for this warrant was information obtained from the second wiretap. However, by August 25, 1980 the second wiretap, which had terminated on August 21, 1980, had already become invalid for lack of timely sealing. The fourth wiretap was void *ab initio,* and it could not be used to support the search warrants. The officer's affidavit supporting the search warrants relied on information gathered from the third and fourth wiretaps, with no attempt to sort out what information came from the valid as opposed to the invalid wiretap. Therefore, there is insufficient probable cause to support the search warrants. Accordingly, we conclude that the suppression court correctly determined that the fruits of the invalid search warrants must also be suppressed. (Appeal from order of Monroe County Court, Maas, J. — suppress evidence.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.