OPINION OF THE COURT
Francis A. Nicolai, J.
Defendants, by orders to show cause signed June 5 (Gonzalez and Choflet), June 7 (Chido), and June 8 (Iannuzzi), 1984, seek an order granting reinspection of the Grand Jury minutes, and upon such reinspection for an order dismissing the indictments herein or the appropriate counts thereof. The People have submitted an affidavit in opposition by Michael G. Dwyer, Jr., Esq., dated June 14, 1984 and an accompanying memorandum of law. Defendants Gonzalez, Choflet and Iannuzzi have submitted a memorandum of law and the People have filed a surreply affidavit, again by Michael G. Dwyer, Jr., Esq., dated June 19, 1984. On June 27, 1984 a hearing was held before this *193 court to determine whether defendants were entitled to the relief requested. Subsequent to that hearing the People and defendants Gonzalez, Choflet and Iannuzzi submitted posthearing memoranda of law. It is the defendants’ position that during the Grand Jury presentation, Detective Panessa, with the connivance of Assistant District Attorney Thomas Bisordi, gave false testimony for the purpose of misleading the Grand Jury into believing that Panessa had compared the original tape recordings of a wire tap with the copies of those tapes which were played for the Grand Jury. It is urged that the indictments and/or any counts of the indictments which are based upon the wire tap evidence must be dismissed because there was no legal foundation laid for the introduction of the copies of these recordings and that the foundation that Mr. Bisordi attempted to lay was false and was known by him to be false.
It is undisputed, and a review of the relevant portion of the Grand Jury transcript confirms, that the following questions were asked by Mr. Bisordi and the corresponding answers given by Detective Panessa at the Grand Jury:
“Q. Did you listen to the original and the copies?
“A. I listened to all, the copies and the originals.
“Q. Do you recall how many copies were made?
“A. Twenty-eight.
“Q. Did they correspond to the number of days roughly?
“A. Yes.
“Q. Did you listen — between listening to the originals and the copies, did you make comparisons between the two?
“A. Yes I did.
“Q. And, what was that?
“A. They’re exactly the same as the originals.”
It is also beyond cavil that Detective Panessa did not hear all of the original conversations; did not listen to the original tape recordings made at the time of the conversations; and did not compare the entire copies of the tapes with the original tape recordings. He did compare the copies of the tapes with his own recollection of those *194 conversations he contemporaneously overheard and found the copies of the tapes to be accurate representations of those actual conversations.
The People urge that both Mr. Bisordi and Detective Panessa were referring to the comparison actually made, i.e., between the portions of the original conversations and the copies of the tapes, and that they in no way meant to convey to the Grand Jury the impression that the detective had compared the original tapes to the duplicate tapes. Although such argument appears strained and dubious when translated to the written word, after hearing the testimony of both Detective Panessa and Mr. Bisordi, this court is persuaded that that is what in fact occurred. They both had been involved in a lengthy investigation during which they conferred on a regular, almost daily, basis. Their frames of reference were similar and not necessarily those of an uninvolved observer. As Mr. Bisordi candidly stated at the hearing, the questions were not well framed and might well have been better asked. But this court is convinced that there was no intentional falsehood placed before the Grand Jury and that there was no intent to mislead the Grand Jury on the part of either Mr. Bisordi or Detective Panessa.
It has been observed that “if the prosecutor’s error” in the Grand Jury, “is both prejudicial to the defendant and is likely to effect the outcome of the case” (People v Monroe, 125 Misc 2d 550, 556), then the indictment must be dismissed. In the case at bar, there has been no prejudice shown to the defendant, and certainly the outcome of the matter will in no manner be effected. There was no prosecutorial misconduct which would require dismissal.
The defendants urge that the case of People v Pelchat (62 NY2d 97) is controlling. In that case an officer testified before the Grand Jury as to the involvement of the defendant in criminal activity. The District Attorney who presented the case to the Grand Jury was unfamiliar with the facts and elicited certain responses to questions from the officer. Later, and before the defendant pleaded guilty, the prosecutor in charge was told by the testifying officer that he had never seen this particular defendant involved in any criminal activity. The prosecutor chose not to reveal *195 that information to the court and the defendant pleaded guilty. The Court of Appeals wrote “[i]n his position as a public officer he [the District Attorney] owes a duty of fair dealing to the accused and candor to the courts, a duty which he violates when he obtains a conviction based upon evidence he knows to be false.” (People v Pelchat, supra, at p 105.) In the case at bar we do not have a situation where the District Attorney is seeking to obtain a conviction based upon evidence which he knows to be false. In fact, there is no allegation by the defendant that the evidence upon which the indictments are grounded is false, but rather that the testimony which sought to lay a foundation for the introduction of that evidence is false. Defendants are attacking the truthfulness of statements which relate to a collateral matter, i.e., the admissibility of copies of the tapes. Such misstatements do not require dismissal of the indictment. (People v Steinman, 75 AD2d 829.)
Defendants also urge that except for the readily misconstrued testimony of Detective Panessa, there is no other foundation for the introduction into evidence of the copies of the original tape recordings, and therefore, the question which remains is whether the indictment is founded on competent and admissible evidence. (CPL 190.65, subd 1, par [b].) The answer must be in the affirmative. (CPL 190.30, subd 1) provides that “rules of evidence * * * with respect to criminal proceedings in general, are, where appropriate, applicable to grand jury proceedings.” Defendants agree that duplicate tapes may well be admissible in appropriate circumstances. In a situation such as this where the requirements of CPL article 700 require the sealing of tapes acquired as a result of eavesdropping, the use of duplicate tapes in the Grand Jury is appropriate. (See People v Nicoletti, 34 NY2d 249.) The objection is not to the use of duplicates, but again goes to the lack of adequate foundation. When one considers that the District Attorney is a legal advisor of the Grand Jury (CPL 190.25, subd 6) and it is incumbent upon the District Attorney to rule upon the admissibility of evidence (CPL 190.30, subd 5) and further that the court at a jury trial would not instruct the jury with respect to the foundation for the admission of duplicate tapes (CPL 190.30, subd 6), then one *196 must reach the conclusion that, as Mr. Bisordi suggested during his testimony, it was “surplusage” to attempt to lay any foundation as such foundation was not necessary. While it might be the better practice to put on the record of the Grand Jury any evidentiary rulings and instructions, as suggested by Joseph W. Bellacosa in his Practice Commentary to CPL 190.30 (McKinney’s Cons Laws of NY, Book 11 A, p 236), this court does not find that failure to do so requires a dismissal of the indictment.
By orders dated March 15, 1983 (Gonzalez, Chido, Choflet) and March 16, 1983 (Iannuzzi), the Honorable Nicholas Colabella, after inspection of the Grand Jury minutes, denied defendants’ motions to dismiss these indictments. As this court finds that there was no impropriety in the presentation to the Grand Jury and a court of coordinate jurisdiction has already inspected the minutes and concluded that the evidence before the Grand Jury was sufficient, this court declines to reinspect those minutes in their entirety.
Therefore, the motions of defendants Gonzales, Choflet, Iannuzzi and Chido to inspect the Grand Jury minutes and to dismiss the indictments in whole or in part are denied.