■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON BIALOSTOK, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered March 9, 1989, convicting him of promoting gambling in the first degree (four counts), and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence obtained as a result of an eavesdropping warrant.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's convictions for promoting gambling and conspiracy were based, in part, upon evidence obtained pursuant to an eavesdropping warrant. On appeal, he contends that

this evidence should have been suppressed because the People failed to timely comply with the 90-day, post-termination notice requirement of CPL former 700.50 (3). We disagree.

At the time the subject warrant was issued CPL former 700.50 (3) provided that "[w]ithin a reasonable time, but in no case later than ninety days after termination of an eavesdropping warrant, or expiration of an extension order * * * written notice of the fact and date of the issuance of the eavesdropping warrant, and of the period of authorized eavesdropping, and of the fact that during such period communications were or were not intercepted * * * must be personally served upon the person named in the warrant" (CPL former 700.50 [3]).

The eavesdropping warrant in this case authorized electronic interception for a period of 15 days, up to and including December 26, 1986. The defendant concedes that he received written notice of the eavesdropping on March 26, 1987, within the statutory time period. Thus, the People complied with the statute. Contrary to the defendant's contention, the 90-day period begins to run upon the expiration of the authorized period of eavesdropping and not upon the actual cessation of eavesdropping, which here was December 22, 1986 (see, *United States v Principie,* 531 F2d 1132, *cert denied* 430 US 905). Having concluded that the People met the technical requirements of CPL former 700.50 (3), we do not reach the issue of whether the defendant's actual knowledge of the eavesdropping warrant within the 90-day period rendered written notice unneccessary.

Nor was the evidence inadmissible by reason of the use of a pen register prior to the issuance of the eavesdropping warrant. The technician who installed the pen register testified that, in addition to recording the telephone numbers to which calls are placed, it could also be used to monitor the audio portion of the calls. However, the technician made clear that upon installing the pen register in this case, he completely disabled the audio function of the device and did not reassemble it until the warrant was issued. Therefore, unlike in *People v Gallina* (66 NY2d 52), where the device was merely turned off, there was no danger here of an unauthorized eavesdropping. We note that at the time of the instant investigation, the use of a pen register did not require a warrant (see, CPL 705.00 *et seq.;* L 1988, ch 744, § 21).

We have examined the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Sullivan, Eiber and Ritter, JJ., concur.